IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO CUEVAS-HERNANDEZ,
aka ALFONSO H. CUEVAS,

     Petitioner,

v.                                          No. CV 12-0235 MV/CEG

LEE VAUGHN, WARDEN,

     Respondent,

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 1(b), 4, on Petitioner's Motion for Habeas Corpus Relief Pursuant to 28 U.S.C. §2241 (the "petition"). Petitioner was convicted and sentenced by the United States District Court for the District of Arizona on a charge of illegal re-entry after deportation.[1] He is confined in a New Mexico prison and seeks habeas corpus relief on grounds that his sentence is illegal. The petition alleges that the sentencing court incorrectly calculated Petitioner's sentence by counting a prior misdemeanor conviction as a felony. The Court will dismiss the petition.

The Court must dismiss this § 2241 petition, because the terms of § 2255 provide the exclusive avenue for attacking a federal criminal conviction and sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus").[2] Defendant's pro se characterization of his claims is not

---

[1] The petition, which is a modified form that has been submitted to this Court in a number of cases, *see, e.g.,* No. CV 12-0072 JB/SMV, initially states that Petitioner was sentenced "by this Court" in 2010, but later describes a sentence imposed in the District of Arizona. This Court's dockets do not indicate a criminal proceeding under Petitioner's name.

[2] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody. *See United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

dispositive. *See Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). The gravamen of the petition is that Petitioner's sentence is illegal. This claim is expressly contemplated by § 2255, which affords relief if "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). A § 2255 motion must be filed in the "court which imposed the sentence." *Id.*

The Court rejects Petitioner's implicit assertion that § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and he should therefore be able to pursue relief under § 2241. This Court may not grant relief on Petitioner's claim that the Arizona court erred in its calculation of an enhancement for a prior conviction. "[T]he fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective, it merely means that [Petitioner] did not pursue them in a timely manner." *Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002) (citations omitted). Under these procedural rules, Petitioner may attack his sentence only in a § 2255 motion filed in the sentencing court, *see* § 2255(a), and this Court may not adjudicate the merits of his § 2241 petition. Petitioner is not entitled to relief, *see* § 2254 R. 1(b), 4, and the Court will dismiss the petition with prejudice. Nothing in this order is to be construed as precluding Petitioner from pursuing any remaining rights that may be available for attacking his sentence in the court that convicted him.

IT IS THEREFORE ORDERED that Petitioner's Motion for Habeas Corpus Relief Pursuant to 28 U.S.C. §2241 is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE